United States District Court
Middle District of Florida
Jacksonville Division

**THOMAS EL BEY CARLOS LAMON,**

    *Plaintiff,*

V.                                                                                No. 3:20-CV-49-J-20PDB

**J.J. LLOYD ET AL.,**

    *Defendants.*

## Report and Recommendation

On January 21, 2020, Thomas el Bey Carlos Lamon, proceeding without a lawyer, filed a "Claim for a Civil Case," Doc. 1, and an affidavit and application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915, Doc. 2.

The plaintiff sued officers with the Jacksonville Sheriff's Office and, through attached exhibits, appeared to complain about an arrest in January 2020 for driving without a license. Docs. 1–1-4. Though he used a form titled "Pro Se … Complaint for a Civil Case," a person named "Wisdom Shield El" signed next to "Signature of Attorney" at the bottom of the form, crossing out "Attorney" and handwriting "consul," and crossing out "Bar Number" and handwriting "Authority" and "AA222141." Doc. 1 at 6.

On March 5, 2020, the undersigned (1) struck the complaint because it had been signed by someone other than the plaintiff who disclaimed being a lawyer and (2) denied the IFP motion without prejudice because the plaintiff provided no financial information and raised a frivolous argument that requiring someone to pay

a fee in United States dollars is unconstitutional.[1] Doc. 4 at 1–2. The undersigned directed the plaintiff to, by March 31, 2020, (1) pay the $400 filing fee or complete and file an IFP form attached to the order, and (2) file an amended complaint through himself or admitted counsel that complies with pleading standards explained in the order. Doc. 4 at 2. The undersigned explained that failure to comply with the order would result in a report and recommendation recommending dismissal of the action without prejudice. Doc. 4 at 2.

The deadline has passed, and the plaintiff has neither filed anything nor paid the filing fee.[2]

Under the authority "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," a district court has the inherent power to dismiss a case for lack of prosecution or failure to obey a court order. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014). Dismissal with prejudice for failure to prosecute is warranted only if there is a "clear record of delay or contumacious conduct." *Morewitz v. W. of England Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

---

[1]An individual may litigate his own case personally, 28 U.S.C. § 1654, but cannot litigate someone else's case unless admitted to practice under Local Rule 2.01 or 2.02, which requires bar membership. *See FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (right to appear pro se is limited to parties conducting own cases and does not extend to non-attorneys representing interest of others).

[2]In another recent case filed by the plaintiff (unrelated to this case), he failed to include financial information in a motion to proceed IFP, and the Court denied the motion and directed to him to properly complete a new one. *See Thomas El Bey Carlos Lamon v. Archie Crews*, 3:20-cv-127-J-20JRK (Doc. 3). In response, he filed another motion and exhibit explaining he is "not a prisoner or pauper" and contending, as he does here, that it is unconstitutional to require him to pay a fee in United States dollars. *See* 3:20-cv-127 (Doc. 5-1 at 1). Adopting a report and recommendation, the Court denied the amended IFP motion and dismissed the case for failure to prosecute. *See* 3:20-cv-127 (Doc. 7).

The plaintiff has not prosecuted the case—diligently or otherwise—and has failed to comply with the order, Doc. 4. The undersigned therefore recommends dismissal. Because there is no clear record of delay or contumacious conduct, dismissal without prejudice is warranted.[3]

**Done** in Jacksonville, Florida, on April 7, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Honorable Harvey E. Schlesinger

Thomas El Bey Carlos Lamon
7643 Gate Parkway
Suite 104-705
Jacksonville, FL 32256-9998

---

[3]Because the allegations appear to concern events from earlier this year, no statute-of-limitations bar to another action is evident.

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive matter], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.